IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**EDDIE R. WYATT**                                                                                               **PLAINTIFF**

**VS.**                           **CASE NO. 4:08CV01501 JMM**

**J.B. HUNT TRANSPORT, INC.**                                                          **DEFENDANT**

**ORDER**

Pending before the Court are defendant's Motion for Summary Judgment and plaintiff's Motion for Partial Summary Judgment. For the reasons stated below, defendant's motion is granted (#16) and plaintiff's motion is denied (#24).

Plaintiff brings this action seeking relief pursuant to the Americans with Disabilities Act ("the ADA") because defendant terminated his employment after plaintiff violated defendant's Substance Use/Abuse Policy.[1] In his pleadings plaintiff makes statements regarding violations of 49 C.F.R. § 382.121 and the Family Medical Leave Act ("FMLA") which the Court will also address.

I. *Facts*

In July of 2005, defendant hired plaintiff as a driver in the Chicago area to drive a tractor-trailer rig for travel on the public roads of the United States and Canada. In this position, plaintiff was subject to United States Department of Transportation Regulations ("DOT") and defendant's Substance Use/Abuse Policy.

---

[1]Plaintiff's complaint states that jurisdiction is based upon to 42 U.S.C. § 1983. This claim is without merit as defendant is not a state actor. *See* 42 U.S.C. § 1983. This Court's jurisdiction is based upon plaintiff's ADA claim.

1

On March 23, 2007, plaintiff requested FMLA leave from Sarah Woodhull his account manager. When asked why he needed the medical leave, plaintiff stated that he had an alcohol abuse problem. Woodhull contacted her supervisor, Patrick Galvin, who sent plaintiff a designated leave packet and told him to contact Jackie Williams with J.B. Hunt. Williams told plaintiff he should contact Renise Ferguson at American Substance Abuse Professionals for assistance with his alcohol problem. Defendant granted plaintiff's request for FMLA leave.

Plaintiff contacted Ferguson who, in turn, gave him a telephone number for Elizabeth Check, a substance abuse professional who evaluated plaintiff's condition and recommended that plaintiff attend intensive out-patient treatment at either the Veteran's Administration Substance Abuse Program or the Chicago Lakeshore Hospital Substance Abuse Program. Plaintiff chose to attend the Chicago Lakeshore Hospital program where his diagnosis was listed as alcohol (ETOH) dependence and cannabis abuse.

Plaintiff began the substance abuse program on April 2, 2007. On April 11, 2007, plaintiff drank wine while enrolled in the treatment program. Plaintiff's consumption of alcohol was discovered as a result of a breathalyzer test administered by counselors who worked in the Lakeshore substance abuse program.

Plaintiff's treatment counselor's report of his consumption of alcohol was ultimately reported to Todd Davis, defendant's Human Resources Compliance Manager, who consulted with the Director of Employee Relations, Thoma Wainright. Davis and Wainright agreed that plaintiff's employment should be terminated pursuant to defendant's Substance Use/Abuse Policy. Davis subsequently terminated plaintiff's employment effective May 1, 2007, for company policy violation.

Plaintiff was discharged from the treatment program on April 26, 2007, with a diagnosis of alcohol (ETOH) dependence and cannabis abuse.

Section X(C) of defendant's Substance Use/Abuse Policy states in relevant part:

> Any driver who participates in this program who tests positive or refuses any test, DOT or otherwise, for the duration of their employment/contract, or future employments/ contracts, would be barred from driving for J. B. Hunt again at any time.  Furthermore, this program is a one-time offering.  A driver who relapses will not be eligible for continued employment or contract.

Plaintiff filed an unemployment claim with Illinois Department of Employment Security which, upon appeal, granted him unemployment benefits because it determined that plaintiff was not discharged for misconduct connected with work.  The Board of Review reasoned that a relapse would be a basis for plaintiff's termination only if the relapse occurred after plaintiff had completed the treatment program.

II. *Analysis*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Seymour v. City of Des Moines*, 519 F.3d 790, 796 (8th Cir. 2008);  Fed. R. Civ. P. 56.  The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Plaintiff as the moving party has the burden to show that the record does not disclose a genuine dispute on a material fact. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir. 1995).  The parties have agreed that there are no genuine disputes of material facts.

A.  *The ADA Claims*

Plaintiff claims that the defendant failed to make a reasonable accommodation for his disability of alcoholism under the ADA.  Plaintiff contends that in order for him to obtain FMLA leave, he was required to self-report his alcohol abuse which mandated that he comply with defendant's Substance Use/Abuse Policy which resulted in his termination.  He contends that this dismissal violated the ADA because it was in violation of DOT regulation 49 C.F.R. § 382.121.

Plaintiff contends that he would have been able to perform the essential functions of his job with a reasonable accommodation which he describes as his being able to enter, and complete, a substance abuse program of his choice without any interference and referral by defendant, and to be allowed to return to work as an operator with the understanding that any further substance abuse would be grounds for dismissal.

In order for a reasonable accommodation claim to survive summary judgment, a plaintiff must first establish a *prima facie* case.  *Fenncy v. Dakota Minn. and Eastern R.R. Co.*, 327 F.3d 707, 712 (8th Cir. 2003).  A *prima facie* case of reasonable accommodation requires the plaintiff to establish that (1) he is disabled within the meaning of the Rehabilitation Act, (2) he has suffered an adverse employment action, and (3) he is qualified for the job.  *Id.*

"To be a "qualified individual" within the meaning of the ADA, an employee must (1) possess the requisite skill, education, experience, and training for his position, and (2) be able to perform the essential job functions, with or without reasonable accommodation.  *Id.*  In cases where the employee claims that he is able to perform the essential functions of the job with a reasonable accommodation, the employee must only make a facial showing that a reasonable

4

accommodation is possible." *Brannon v. Luco Mop Co.*, 521 F.3d 843, 848 (8th Cir. 2008) (citations omitted).

For purposes of this motion only, defendant does not dispute that plaintiff has a disability within the meaning of the ADA or that he suffered an adverse employment action, as a result, the sole question remaining is whether plaintiff is a "qualified individual."

The Court finds that plaintiff is not a qualified individual because he has failed to establish that he would be able to perform the essential functions of his job with the asserted reasonable accommodations.

The regulations promulgated by the Federal Motor Carrier Safety Administration ("FMCSA") state that once an employee has admitted to a problem with drugs or alcohol, he must comply with the requirements of that program or be subject to the DOT referral, evaluation, and treatment requirements contained in Subpart O of Part 40.  *See* 66 Fed. Reg. 43097 (August 17, 2001).  Subpart O of Part 40 of the DOT regulations are the Substance Abuse Professionals program and the return-to-duty process. *See* 49 C.F.R. §§ 40.281- 40.313 (2006).  Moreover, the ADA states that an employer may require a transportation industry employee to comply with standards established by DOT regulations.  *See*  42 U.S.C. § 12114(c)(5).

Here, plaintiff was required to inform his employer the reason for his requested FMLA leave.  *See* 29 C.F.R. § 825.303(b) (when the request for FMLA leave is unforeseeable, employees must explain the need for such leave).  Once defendant knew of plaintiff's alcohol abuse problem, it was obligated to place him in its self-admission program or refer him to the DOT program.  In addition, at the time plaintiff completed his treatment he was diagnosed as being alcohol dependent and an abuser of cannabis.  Def. Ex. D. to Motion for Summary

Judgment..  DOT regulations 49 C.F.R. § 391.41(b)(12)(i) and (13) state that a person is not physically qualified to drive a commercial motor vehicle if that person uses cannabis or has a clinical diagnosis of alcoholism.  Thus, to allow plaintiff to enter his own substance abuse program without interference and referral by the defendant was never an option, and at the time he finished the substance abuse program he was not physically qualified to drive a commercial motor vehicle.

Moreover, the ADA expressly permits the employer to hold an employee to the same standard as all other employees, even if "any unsatisfactory performance or behavior is related to the drug use or alcoholism of such employee." *See* 42 U.S.C. 12114(c)(4).  Defendant's Substance Use/Abuse Policy states that "[a] driver who relapses will not be eligible for continued employment or contract."  Plaintiff violated this policy.  Defendant has also presented evidence that plaintiff was treated the same as other employees who were terminated when they relapsed while they were enrolled in defendant's Substance Use/Abuse Program. (Affidavit of Todd Davis).

Plaintiff contends that the one glass of wine he consumed during his treatment was insufficient to qualify as a relapse.  He has, however, failed to come forward with any admissible evidence or legal authority to support this claim.

Plaintiff contends that Illinois Department of Employment Security Board of Review's decision that plaintiff was not discharged for misconduct connected with work should be given preclusive effect so as to prevent the parties from re-litigating this issue.

Based upon the DOT's extensive oversight regarding the role of commercial truck drivers, the Court finds that the Department of Employment Security's decision should not be

Judgment..  DOT regulations 49 C.F.R. § 391.41(b)(12)(i) and (13) state that a person is not physically qualified to drive a commercial motor vehicle if that person uses cannabis or has a clinical diagnosis of alcoholism.  Thus, to allow plaintiff to enter his own substance abuse program without interference and referral by the defendant was never an option, and at the time he finished the substance abuse program he was not physically qualified to drive a commercial motor vehicle.

Moreover, the ADA expressly permits the employer to hold an employee to the same standard as all other employees, even if "any unsatisfactory performance or behavior is related to the drug use or alcoholism of such employee." *See* 42 U.S.C. 12114(c)(4).  Defendant's Substance Use/Abuse Policy states that "[a] driver who relapses will not be eligible for continued employment or contract."  Plaintiff violated this policy.  Defendant has also presented evidence that plaintiff was treated the same as other employees who were terminated when they relapsed while they were enrolled in defendant's Substance Use/Abuse Program. (Affidavit of Todd Davis).

Plaintiff contends that the one glass of wine he consumed during his treatment was insufficient to qualify as a relapse.  He has, however, failed to come forward with any admissible evidence or legal authority to support this claim.

Plaintiff contends that Illinois Department of Employment Security Board of Review's decision that plaintiff was not discharged for misconduct connected with work should be given preclusive effect so as to prevent the parties from re-litigating this issue.

Based upon the DOT's extensive oversight regarding the role of commercial truck drivers, the Court finds that the Department of Employment Security's decision should not be

given preclusive effect to the issues before this Court.  *Cf.  Iowa Network Servs., Inc. v. Qwest Corp.*, 363 F.3d 683, 689-694 (8th Cir. 2004) (state administrative decision did not support *res judicata* when federal statutory purpose to the contrary was evident).  Even if the Court were to give the decision preclusive effect, the legal standards involved in the respective determinations were distinct and the issues are not the same.  Here, the issue is whether plaintiff is a qualified individual for purposes of the ADA which necessarily involves the DOT regulations, while the Department of Employment Security's decision went to the issue of whether plaintiff was discharged for reasons other than misconduct connected with his employment.

B.  *FMLA Claims*

To the extent that plaintiff is also making a claim that defendant violated his rights under the FMLA by requiring that he participate in a substance abuse program, this claim is without merit.  FMLA leave may only be taken for treatment for substance abuse not because of the employee's use of the substance.  29 C.F.R. § 825.119 (2009).

In addition

> [t]reatment for substance abuse does not prevent an employer from taking employment action against an employee. The employer may not take action against the employee because the employee has exercised his or her right to take FMLA leave for treatment. However, if the employer has an established policy, applied in a non-discriminatory manner that has been communicated to all employees, that provides under certain circumstances an employee may be terminated for substance abuse, pursuant to that policy the employee may be terminated whether or not the employee is presently taking FMLA leave.

*Id.*[1]

---

[1] These regulations were previously found at 29 C.F.R. § 825.114(d) (2007) and 29 C.F.R. § 825.112(g) (2007).

As stated above, plaintiff was in violation of defendant's policy and plaintiff was treated the same as other employees who were terminated when they relapsed while they were enrolled in defendant's Substance Use/Abuse Program.

C.  *49 C.F.R. § 382.121 Claims*

Plaintiff contends that defendant violated the provisions of 49 C.F.R. 382.121 by using plaintiff's relapse during the treatment program as a reason to terminate his employment. Pursuant to 49 C.F.R. 382.121 (b) (2) defendant's program "must allow the employee sufficient opportunity to seek evaluation, education or treatment to establish control over the employee's drug or alcohol problem."

Defendant's Substance Use/Abuse Policy states that it "will allow the driver sufficient opportunity to seek evaluation, education or treatment to establish control over the employee's drug or alcohol problem within the current leave policies."  Pl. Transcript. Exh. 29, § X(B)(3). Those policies state that "[a] driver who relapses will not be eligible for continued employment or contract." *Id*. at § X(C).  It is undisputed that plaintiff drank alcohol after being diagnosed as alcohol dependent.

Moreover, the Court cannot find support for the proposition that plaintiff has a private cause of action under 49 C.F.R. § 382.121(b)(2). *Cf. Williams v. United Parcel Service, Inc.*, 527 F.3d 1135 (10th Cir. 2008) (no private cause of action to aggrieved employees for violation of procedural regulations to enforce mandated drug tests for "safety-sensitive" positions in trucking).

III. Conclusion

Plaintiff's complaint is dismissed and Judgment will be entered accordingly.

IT IS SO ORDERED THIS   12   day of   March  , 2009.

 

_____
James M. Moody
United States District Judge